UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ENCORE REDEVELOPMENT LLC,    )<br>)<br>      **Plaintiff**    )<br>)<br>v.                                       )<br>)<br>GREAT MIDWEST INSURANCE    )<br>COMPANY,                       )<br>)<br>      **Defendant**    ) | No. 1:25-cv-00033-SDN |

## ORDER TO SHOW CAUSE

Great Midwest Insurance Company (GMIC) removed this action from state court on January 27, 2025. *See* Notice of Removal (ECF No. 1). In its notice of removal, GMIC asserts that federal subject matter jurisdiction exists because it "is a Texas corporation with a principal place of business in Texas" and Encore Redevelopment Group, LLC, "is a Delaware corporation with a principal place of business in Vermont" and therefore "there is complete diversity of citizenship." *See id.* at 2 (citing 28 U.S.C. §§ 1332(a)(1), (c), 1441(b)).

As should have been obvious from both the caption and the complaint, however, Encore is not a corporation; rather, it is a limited liability company. *See* ECF No. 1-1 at 5. Unlike a corporation, an LLC "takes the citizenship of all of its members." *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023). As such, "[a]ssertions as to where [LLCs] are organized or have their principal places of business are insufficient to establish citizenship for diversity purposes." *Carrington Mtg. Svcs., LLC v. Gray*, No. 2:23-cv-00047-JDL, 2023 WL 2308702, at *1 (D. Me.

1

Mar. 1, 2023) (citing *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011)).

GMIC's failure to adequately assert facts supporting diversity jurisdiction in its notice of removal would be reason enough to order it to show cause why this case should not be remanded to state court. *See Carrozza v. CVS Pharm., Inc.*, 992 F.3d 44, 51 (1st Cir. 2021) ("The burden of establishing federal diversity jurisdiction rests on . . . the party invoking federal jurisdiction."). But adding to GMIC's jurisdictional problems is that Encore has now filed a motion asking the Court to accept its Fed. R. Civ. P. 7.1 disclosure statement notwithstanding the fact that it "is not able to fully identify or assert the citizenship of each individual or entity whose citizenship is attributed to it for the purposes of diversity jurisdiction." Motion to Accept Disclosure Statement (ECF No. 7) at 3. Encore's motion is **DENIED** because Rule 7.1(a)(2) requires it to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to" it, and the First Circuit has been clear that "a party must trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be." *BRT Mgmt. LLC*, 68 F.4th at 696 (cleaned up); *see also Wis. Dep't of Corr. v. Schact*, 524 U.S. 381, 389 (1998) (noting that jurisdictional defects cannot be waived or ignored); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) ("reject[ing] the contention that to determine, for diversity purposes, the citizenship of an [unincorporated] artificial entity, the court may consult the citizenship of less

than all of the entity's members" even in light of "the changing realities of business organization").[1]

For these reasons, the parties are **ORDERED** to show cause in writing by February 28, 2025, why this case should not be remanded to state court for lack of subject matter jurisdiction.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: February 14, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[1] The two out-of-district cases that Encore cites in its motion do not support the relief it seeks. *See Niemann v. Carlsen*, No. 4:22-cv-01110-AGF, 2023 WL 22038, at *2 (E.D. Mo. Jan. 3, 2023) (limiting an unincorporated entity's disclosure obligations under Rule 7.1 because of the large number of members attributable to it but noting that the court would hear the case "based solely on federal question and supplemental jurisdiction" because it was "impossible to know whether" there was complete diversity); *Foresight Energy LLC v. ACE Amer. Insur. Co.*, No. 4:22-cv-00887-JAR, ECF No. 89 (E.D. Mo. Oct. 18, 2022) (limiting, in a case with federal question jurisdiction, an LLC's disclosure obligation because it had provided the court with enough information to ascertain any potential conflicts).